## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| TRACY DUNCAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Case No. 2:21-cv-00228-GBW-SMV |
| | § | |
| NINE ENERGY SERVICE, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

_____

## ORIGINAL ANSWER OF DEFENDANT NINE ENERGY SERVICE, LLC
## TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

_____

Defendant, Nine Energy Service, LLC ("Defendant"), files this Original Answer to Plaintiff's First Amended Plaintiff's [sic] Original Complaint ("Amended Complaint"), and states as follows:

## ANSWER

Defendant affirmatively avers that the statements in the opening paragraph of the Amended Complaint constitute an introduction, which does not require a response. To the extent a response is required, Defendant denies the allegations in the opening paragraph of the Amended Complaint.

## I.
## PARTIES AND SERVICE

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

2.      Defendant admits it accepted service of the Amended Complaint as of the date it was emailed to Defendant's counsel, which was effectuated on February 15, 2021. Defendant denies the remaining allegations in paragraph 2 of the Amended Complaint.

91458032v.7

**II.**
**JURISDICTION AND VENUE**

3.     Defendant admits that, prior to removal of this action, the Fifth Judicial District Court of New Mexico had subject-matter jurisdiction of the claims asserted in the above-styled lawsuit (the "Lawsuit") and that venue was proper in Lea County.  Defendant denies the remaining allegations in paragraph 3 of the Amended Complaint.

**III.**
**ADMINISTRATIVE PREREQUISITES**

4.     Defendant admits that the Equal Employment Opportunity Commission issued a notice of a right to sue on March 25, 2020. Defendant denies the remaining allegations in paragraph 4 of the Amended Complaint.

**IV.**
**FACTS**

5.      Defendant admits the allegations in paragraph 5 of the Amended Complaint.

6.     Defendant admits that, on or about April 23, 2019, Plaintiff reported to Lora Springer, a former Regional HR Manager for Defendant, that she contacted Defendant's EAP provider.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Amended Complaint, so Defendant denies all such allegations.

7.     Defendant admits that, on or about January 2019, Plaintiff reported to her direct supervisor that Charles Williford commented "KYS" or "kill yourself."  Defendant further admits that, on or about April 23, 2019, Plaintiff was placed on a performance improvement plan. Defendant denies the remaining allegations in paragraph 7 of the Amended Complaint.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 regarding Plaintiff's awareness of any allegation that

Plaintiff was involved in a romantic relationship with a co-worker, the veracity of any such allegation, and when Plaintiff purportedly became aware of any such allegation, so Defendant denies such allegations in paragraph 8 of the Amended Complaint. Defendant denies the remaining allegations in paragraph 8 of the Amended Complaint.

9.     Defendant admits that Plaintiff's counsel sent Defendant a demand letter on or about July 12, 2019 and, on or around August 12, 2019, Defendant sent Plaintiff's counsel a letter reminding Plaintiff of her post-employment obligations to Defendant, as alleged in the un-numbered paragraph following paragraph 8 of the Amended Complaint. Defendant denies the remaining allegations in the un-numbered paragraph following paragraph 8 of the Amended Complaint.

## V.
## DISABILITY/SEX DISCRIMINATION

10.     Defendant denies the allegations in paragraph 9 of the Amended Complaint.

11.     Defendant admits that Plaintiff is a female and that Plaintiff asserts claims under the New Mexico Human Rights Act (NMHRA), but Defendant denies any wrongdoing and that Plaintiff is entitled to the relief sought in this Lawsuit. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has a disability which substantially limits at least one major life activity, so Defendant denies all such allegations in paragraph 10 of the Amended Complaint. Defendant denies the remaining allegations in paragraph 10 of the Amended Complaint.

## VI.
## DAMAGES

12.     Defendant incorporates herein by reference all of its answers and responses in the foregoing paragraphs 1-11, as if fully set forth herein, in response to Plaintiff re-alleging the

allegations Plaintiff made in Sections I-V of the Amended Complaint.  Defendant denies the remaining allegations in the incorrectly numbered paragraph 12 of the Amended Complaint.

## VII.
## PRAYER

13.    With respect to the "Prayer" set forth in paragraph incorrectly numbered paragraph 13 of the Amended Complaint, Defendant admits that Plaintiff seeks various remedies against Defendant, but Defendant denies Plaintiff is entitled to any of the requested relief.  Defendant further denies that any just or proper basis exists for awarding relief against Defendant in favor of Plaintiff.  Defendant denies all remaining allegations in the incorrectly numbered paragraph 13 of the Amended Complaint.

## VIII.
## DEFENSES AND AFFIRMATIVE DEFENSES

14.    Each defense or affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

15.    By pleading the following as affirmative and/or other defenses, Defendant does not concede that each of the matters covered by each defense is to be proven by Defendant.  Defendant reserves the position that Plaintiff retains the burden of proof on all matters necessary to state the causes of action asserted in the Amended Complaint and to establish the alleged damages.

16.    Defendant reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

17.    Plaintiff, in each alleged cause of action, fails to state a claim upon which relief can be granted.

18.    Plaintiff's employment with Defendant was terminated for good cause.

19.    By reason of her conduct, actions, or statements Plaintiff is estopped from or has waived asserting her claims herein.

91458032v.7

20.     At all times, Plaintiff's employment was terminable at will by either Plaintiff or Defendant, with or without cause.

21.     Plaintiff's claims under the NMHRA must fail because all decisions made by Defendant with respect to Plaintiff's employment were made for legitimate, non-discriminatory, and non-pretextual reasons.

22.     Plaintiff's claims for money damages, attorneys' fees and costs of court are barred, in whole or in part, because Defendant would have made the same employment decisions regarding Plaintiff in the absence of any alleged impermissible motivating factor, if such is found to have occurred.

23.     Defendant at all times made good faith efforts to comply with the NMHRA with respect to the employment of Plaintiff. Neither Plaintiff's sex, nor Plaintiff's alleged physical or mental handicap were factors in any decision made by Defendant with regard to Plaintiff's employment.

24.     Plaintiff does not, and did not at any time relevant to this Lawsuit, suffer from a physical or mental handicap protected under the NMHRA.

25.     Defendant did not, at any time relevant to this Lawsuit, regard Plaintiff as suffering from a physical or mental handicap protected under the NMHRA.

26.     Plaintiff is not, and was not at any time relevant to this Lawsuit, a qualified individual with a physical or mental handicap or serious medical condition under the NMHRA.

27.     Plaintiff was unable to perform the essential functions of her job with or without reasonable accommodation by Defendant.

28.     Defendant could not reasonably accommodate Plaintiff without burdening itself with an undue hardship.

29.     Plaintiff did not request a reasonable accommodation from Defendant.

30.     Defendant did not fail to accommodate any alleged request to reasonably accommodate Plaintiff.

31.     To the extent Plaintiff failed to file a notice of appeal with the appropriate district court and properly serve such notice of appeal within 90 days of Plaintiff's receipt of the Order of Non-Determination issued by the New Mexico Department of Workforce Solutions Human Rights Bureau, such claims should be dismissed for lack of jurisdiction over the subject matter because Plaintiff failed to exhaust her administrative remedies as required by N.M. STAT. ANN. § 28-1-10.

32.     To the extent that Plaintiff alleges conduct occurring more than 300 days prior to the date on which Plaintiff filed a charge of discrimination with the New Mexico Human Rights Bureau provides the basis for any claims under the NMHRA, Plaintiff's claim for back pay or other relief arising from such conduct is barred by limitations under N.M. STAT. ANN.  28-1-10.

33.     To the extent Plaintiff raises a claim based on a charge of discrimination filed with the New Mexico Human Rights Bureau for which Plaintiff received service of an order issued by the New Mexico Human Rights Bureau more than 90 days before filing Plaintiff's original complaint in this case, such claim is barred by limitations pursuant to N.M. STAT. ANN. § 28-1-13.

34.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

35.     Plaintiff has failed to mitigate, or reasonably attempt to mitigate, her damages, if any, and Defendant is entitled to an offset in the amount Plaintiff could have earned after her employment with Defendant ended.

36.     Plaintiff's claims for damages are barred in whole or in part by Plaintiff's subsequent employment and/or termination, which cuts off Plaintiff's right to any further back pay and front pay.

37.     Plaintiff's claims for damages are barred by her failure in whole or in part to mitigate her alleged damages.

38.     All interim earnings (if any), including unemployment compensation benefits, workers' compensation benefits, or other benefits, or that which could have been earned through reasonable diligence by the Plaintiff, should reduce any award, if any, which might otherwise be allowable.

39.     Any claim by Plaintiff for front pay is too speculative to be permitted.

40.     Plaintiff's claim for punitive damages is barred because any alleged actions by Defendant's employee(s), if they are found to have occurred, were contrary to Defendant's good faith efforts to comply with the NMHRA.

41.     Plaintiff is not entitled to duplicative remedies for the same underlying actions or omissions under the various statutes invoked in this action. Plaintiff is required to elect her remedies.

42.     Defendant has never acted maliciously, willfully, or recklessly toward Plaintiff so as to be liable for any claim or damage at issue herein, and as a result Plaintiff is not entitled to any punitive damages.

43.     To the extent Plaintiff seeks remedies against Defendant beyond those available under the statute upon which Plaintiff's claims are based, such remedies are improper.

**WHEREFORE**, Defendant prays that this Court dismiss the Amended Complaint, that Plaintiff take nothing by this Lawsuit, that all relief prayed for by Plaintiff in this Lawsuit be

denied, and that Defendant recover all costs of court and any further relief to which Defendant

may be entitled, including general and special, legal, and equitable.

Respectfully submitted,

By: */s/ Sara C. Longtain* _____

SARA C. LONGTAIN
New Mexico Bar No 19-260
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1346 (Telephone)
(713) 229-2581 (Facsimile)
Slongtain@lockelord.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT

OF COUNSEL:

**LOCKE LORD LLP**
EMILY LAUREN TRAVIS
New Mexico Bar No 19-284
Emily.travis@lockelord.com
(713) 226-1492 (Telephone)
(713) 229-2691 (Facsimile)
ISAAC TREADAWAY
New Mexico Bar No 21-84
Isaac.treadaway@lockelord.com
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1150 (Telephone)
(713) 223-2504 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

91458032v.7

## CERTIFICATE OF SERVICE

I certify that on March 19, 2021 a true and correct copy of this document was served on counsel of record via the Court's ECF system as follows:

Lisa A. Elizondo
Law Offices of Lisa A. Elizondo, PLLC
2504 Montana Ave.
El Paso, Texas 79903
lelizondo@elizondolawep.com


By: */s/ Emily L. Travis*
Emily L. Travis